UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANDREA PERRONE,

                                        Plaintiff,              Case # 19-cv-06400

v.                                                              DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

## INTRODUCTION

On April 18, 2016, Plaintiff Andrea Perrone protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act") alleging disability beginning January 20, 2014.  Tr.[1] 163-67.  After the Social Security Administration ("SSA") initially denied her claim, Tr. 63-68, Plaintiff appeared, with counsel, at a hearing on July 11, 2018 before Administrative Law Judge Timothy Belford (the "ALJ").  Tr. 32-52.  On September 13, 2018, the ALJ issued an unfavorable decision.  Tr. 15-27.  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA.  Tr. 1-6.  Plaintiff then appealed to this Court.[2]  ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  ECF Nos. 8, 12.  For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further proceedings.

## LEGAL STANDARD

### I.      District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de*

---

[1] "Tr." refers to the administrative record in this matter.  ECF No. 7.

[2] The Court has jurisdiction over this action under 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3).

*novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

## II.     Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits her to perform the requirements of her past relevant work; and (5) whether the claimant's RFC permits her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience.  *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

**DISCUSSION**

## I.      The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above.  At step one, the ALJ found Plaintiff had not engaged in gainful activity since the alleged onset date.  Tr. 17.  At step two, the ALJ found that Plaintiff had the following severe impairments: hip, sacroiliac joint dysfunction, and spine disorder.  Tr. 17-19.  At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment.  Tr. 19.  Next, the ALJ determined that Plaintiff retains the RFC to perform light work, with the following additional limitations: she could lift and carry no more than 15 pounds occasionally and 10 pounds frequently; she could stand or walk no more than four hours in an eight-hour workday; she could tolerate no more than occasional climbing of ramps or stairs, balancing, stooping or crawling; she could never climb ladders, ropes or scaffolds; she must avoid exposure to unprotected heights and hazardous moving machinery; and she was limited to simple and routine tasks due to pain.  Tr. 20.

At step four, the ALJ found that Plaintiff had no relevant past work.  Tr. 25.  At step five, the ALJ determined that there were jobs in the national economy that Plaintiff could perform, and therefore, the ALJ concluded that Plaintiff is not disabled.  Tr. 26.

## II.     Analysis

Plaintiff advances two arguments in support of remand: (1) the ALJ failed to give good reasons for discounting the opinion of treating physician Svetlana Trounina, M.D. and, relatedly, (2) the ALJ mischaracterized the medical evidence in the record. ECF No. 8-1 at 10-16. The Court agrees.

An ALJ must give a treating physician's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with

the other substantial evidence in [the] record."[3]   20 C.F.R. §§ 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003).  An ALJ may discount a treating physician's opinion if it does not meet this standard, but he must "comprehensively set forth [his] reasons" for doing so.  *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. §§ 404.1527(c)(2) (the SSA "will always give good reasons" for the weight afforded to a treating source's opinion).

When a treating physician's opinion is not given controlling weight, an ALJ considers the following factors to determine how much weight it should receive: (1) whether the source examined the claimant; (2) the length, nature, and extent of the treatment relationship; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether a specialist rendered the opinion in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion.  20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).

The ALJ failed to properly apply the above factors in assigning a designation of "little weight" to Plaintiff's treating physician Dr. Trounina. Dr. Trounina opined that the claimant should never lift or carry more than five pounds; she could sit, stand or walk for no more than one hour each in an eight-hour workday; she could never climb, stoop, kneel, crouch or crawl; she could not climb a few steps with the use of a single handrail; and her pain prevented her from work and would interfere with her concentration, persistence, and pace. Tr. 678-84. The ALJ discounted Dr. Trounina's opinion because (1) "his [sic] treatment notes do not reflect the significant restrictions given in his questionnaire;" (2) "[t]he assessments done by Dr. Bijupria is [sic] more thorough in describing the claimant's abilities and are based on objective diagnostic findings;" and

---

[3] These regulations were applicable at the time Plaintiff filed her claim.

(3) Dr. Bijpuria reviewed Dr. Trounina's opinion and treatment notes and independently determined that "there is no imaging or clinical evidence that would support the alleged pain, tenderness, swelling, deformity, instability and or limitation of range of movement." *Id*. These are not "good" reasons for rejecting the opinion of Plaintiff's treating physician.

With respect to the first reason, it is simply untrue that Dr. Trounina's treatment records do not reflect the limitations in her questionnaire. Dr. Trounina consistently recognized limitations including lifting of no more than five pounds and a sit-to-stand option as needed beginning in 2015 and through his last evaluation in 2018. Tr. 678-86, 993-94, 1001, 1008, 1015-16, 1044, 1064-69, 1071.  In support of his evaluation of Dr. Trounina's opinion, the ALJ indicated that Dr. Trounina's treatment notes found that "the claimant can return to work with some limitations as discussed above." Tr. 24. Yet elsewhere in his decision, the ALJ attacked the probity of Dr. Trounina's notes, calling into question whether such treatment amounts to cherry-picking. *See* Tr. 24.[4] See *Stacey v. Comm'r of Soc. Sec. Admin.*, 799 F. App'x 7, 10 (2d Cir. 2020) (summary order) ("[I]t is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." (quoting another source)).

Instead, the ALJ flips the treating physician rule on its head by relying on the opinion of a non-examining physician, M. Bijpuria, M.D. to refute the opinion of Dr. Trounina. Tr. 24-25. The ALJ had previously given the opinion of Dr. Bijpuria "great weight," even though Dr. Bijpuria never physically examined the claimant and was only able to review a partial medical record. Tr. 24. The ALJ stated that Dr. Bijpuria's opinion was "more thorough in describing the claimant's abilities" than is the opinion of Dr. Trounina. Tr. 24-25. The ALJ used Dr. Bijpuria's opinion alone to contradict Dr. Trounina's treating opinion. *Id*. Further, the ALJ relied on Dr. Bijpuria's review

---

[4] The ALJ also briefly mentions Dr. Trounina's area of expertise, pain management, without further evaluating how this impacted his decision to give "little weight" to Dr. Trounina's opinion. Tr. 22.

of Dr. Trounina's 2016 opinion to conclude that there was "no imaging or clinical evidence that would support the alleged persistent pain, tenderness, swelling, deformity, instability, and or limitation of range of motion." *Id*. This reliance was erroneous. First, the ALJ fails to provide any clear rationale as to why he concluded that Dr. Bijpuria's opinion was more thorough than Dr. Trounina's, despite that Dr. Bijpuria himself relied on Dr. Trounina's opinion. Second, even when a non-examining opinion, such as Dr. Bijpuria's, is given great weight, "it alone cannot be considered substantial evidence, nor can it constitute a 'good reason' for the limited weight given to a treating source opinion." *Tammy H. v. Comm'r of Soc. Sec.* No. 5:18-CV-851, 2019 WL 4142639, at *11 (N.D.N.Y. Aug. 30, 2019) (citing *Walters v. Berryhill*, No. 3:16-CV-2113, 2018, WL 2926575, at *7 (D. Conn. June 11, 2018)); *see Soto-Rivera v. Comm'r of Soc. Sec.*, No. 17-CV-6675, 2019 WL 2718236, at *3 (W.D.N.Y Mar. 29, 2019) ("The advisers' assessment of what other doctors find is hardly a basis for competent evaluation without a personal examination of the claimant." (quoting *Vargas v. Sullivan*, 898 F.2d 293, 295 (2d Cir. 1990))). Given that the ALJ relied primarily on the opinion of a non-examining consultant, the Court does not find there to be sufficiently good reasons for the ALJ to afford Dr. Trounina's treating opinion anything less than the required controlling weight. *See Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) ("The failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand." (quoting another source)).

The Commissioner insists that under a "searching review of the record," the Court will find that "the substance of the treating physician rule was not traversed." *See Estrella*, 925 F.3d 90, 96. The Commissioner's argument borders on *post hoc* rationalization. The evidence the Commissioner offers may have supported the conclusion that Dr. Trounina's opinion should receive little weight, however, when the Court is presented with reasons not considered by the ALJ

in applying the treating physician rule, the Court is "not permitted to accept the Commissioner's post-hoc rationalizations for the ALJ determination." *White v. Saul*, 414 F. Supp. 3d 377, 385 (W.D.N.Y. 2019).

The ALJ's failure to properly weigh Dr. Trounina's opinion was not harmless error. Contrary to the opinion of Dr. Trounina, the RFC allowed for the ability to occasionally lift 15 pounds while frequently lifting 10 pounds, permitted Plaintiff to stand or walk for no more than four hours during an eight-hour workday, and allowed for the occasional climbing of stairs or ramps, stooping, and crawling. Tr. 20. The RFC would allow for Plaintiff to perform "light work," whereas Dr. Trounina's limitations restricted the claimant to less than "sedentary work." 20 C.F.R. § 404.1567(a). Had the ALJ incorporated Dr. Trounina's opinion into the RFC, Plaintiff would only be able to lift five pounds frequently. Because ALJ did not inquire about the impact of such limitations on Plaintiff's ability to work, it is unclear whether such limitations would affect Plaintiff's ability to work and the error is not harmless. While consulting the vocational expert during the hearing, the ALJ did not inquire into the more restrictive limitations offered by Dr. Trounina, such as never lifting more than five pounds, to determine if sufficient jobs existed under those restrictions. Tr. 50-51. Based on the reasons discussed above, remand is required.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 8, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 12, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: June 29, 2020
      Rochester, New York

 

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court